# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

JACOB BRENT SMITH,                    §
                                      §
    *Petitioner*,                §
                                      §
v.                                    §          CIVIL ACTION No. H-17-1350
                                      §
LORIE DAVIS,                          §
                                      §
    *Respondent*.               §


## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his conviction and thirty-year sentence for evading arrest in a motor vehicle. Respondent filed a motion for summary judgment (Docket Entry No. 12), to which petitioner filed a response (Docket Entry No. 14).

Having reviewed the motion, the response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

### Background and Claims

Petitioner was convicted of evading arrest in a motor vehicle in Harris County, Texas, and sentenced to thirty years' incarceration in August 2014. The conviction was affirmed on appeal, *Smith v. State*, 483 S.W.3d 648 (Tex. App.—Houston [14th Dist.] 2015, no pet.),

and petitioner did not pursue discretionary review. Petitioner's application for state habeas relief was denied by the Texas Court of Criminal Appeals.

Petitioner raises the following grounds for federal habeas relief:

1. Trial counsel was ineffective:

    a. in going outside the record during closing argument;

    b. in failing to investigate the police videotapes;

    c. in having a conflict of interest;

    d. in failing to object to testimony that his co-defendant threw a "crack pipe" out the window.

2. The prosecution committed *Brady* error by suppressing police videotapes.

3. The prosecution committed prosecutorial error in eliciting perjury.

Respondent argues that these claims are without merit and should be dismissed.

### *Factual Background*

The intermediate state court of appeals set forth the following statement of facts in its opinion affirming petitioner's conviction.

Two officers on patrol received a radio dispatch report that a vehicle matching the description of a stolen car was traveling southbound on Interstate 45 in Houston, Texas. The officers parked on the shoulder of the freeway in their marked patrol car and waited for the car to pass them. A car matching the description in the dispatch, including the license plate number, passed the patrol car. The officers began following the car. Two more officers in a second patrol car joined the pursuit behind the first patrol car. Once both patrol cars were behind the stolen car, the officers activated the sirens and lights on their patrol cars.

The driver of the stolen car was in the far left lane when officers started pursuing him, and he "cut across four lanes of traffic and got over to the right side shoulder." A passenger in the stolen car then threw what was later identified as a "meth pipe" out of the passenger side window, and the driver continued southbound on I–45. The driver then exited onto Highway 59 northbound. At that point, the officer driving the first patrol car pulled up next to the stolen car, and the officer on the passenger side saw the driver, later identified as appellant. The officer in the passenger seat testified that appellant also saw him. Appellant then moved into the emergency lane to get ahead of the patrol car, cutting off several cars in the process.

Appellant eventually exited onto Interstate 10 traveling eastbound, moved into the far left lane, slowed down to approximately five to ten miles per hour, and jumped out of the window of the moving vehicle. He subsequently jumped over the median and ran across the westbound lanes of I–10 in front of oncoming traffic. Officers pursued appellant across traffic on foot. Appellant subsequently slid down an embankment where he injured his ankle and surrendered because he could no longer run.

Officers testified that the car chase lasted four to five minutes over four to five miles, and appellant was traveling approximately the speed limit of 60 miles-per-hour. Appellant's driving was "very erratic, unsafe for other motorists, [and] unsafe for [the officers]." In heavy traffic, appellant swerved through traffic, made fluctuations in his speed and rapid lane changes without signaling, and drove onto the shoulder several times. He cut off nearby drivers and caused them to slam on their brakes. One officer testified that appellant "was trying to get away from us, he . . . tried slowing down to throw us off, [and] he would get real slow and at the last second, dart over."

The jury found appellant guilty of the third degree felony of evading arrest or detention with a vehicle. Appellant pleaded true to two prior felony convictions. The trial judge enhanced the punishment based on those convictions and assessed punishment at 30 years' confinement.

*Smith*, 483 S.W.3d at 652–53 (internal citations omitted).

### *The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary

conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as

a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### *Ineffective Assistance of Trial Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient

performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

Petitioner claims that trial counsel was ineffective in the following instances.

*Closing Argument*

Petitioner asserts that trial counsel erred in going outside the record during closing argument because it allowed the prosecutor to go outside the record. Specifically, petitioner complains that trial counsel had argued the defense was "ambushed" at trial by unexpected police officer testimony; the prosecution countered in its closing argument that the defense had the same right it did to subpoena witnesses and interview them before trial.

On direct appeal, petitioner argued that the trial court erred in overruling his objection when the prosecution went outside the record during closing argument. In overruling petitioner's argument, the intermediary state court of appeals held as follows:

> [A]ppellant argues that the trial court abused its discretion in overruling his objection to the prosecutor's statement during closing argument as follows:
>
>> Now, defense counsel brought up some issues with the police officers bringing up new evidence and new testimony yesterday. What he's forgetting to tell you, we, the State, we have subpoena power to subpoena witnesses and we do. That's why we're here. That's why we're brought here. He also has subpoena power. He also can talk to them before they come to trial.
>>
>> \*    \*    \*    \*
>
> Appellant asserts that the prosecutor's argument was improper because it injected facts outside the record. We disagree. Under the invited argument rule, a defendant cannot complain of improper prosecutorial argument if he invited the argument. If the defendant's counsel goes outside the record in his argument, the prosecutor is also permitted to go outside the record to respond as long as the response is within the scope of the invitation.

8

The prosecutor responded to the repeated argument by defense counsel that he was "ambushed" and denied the opportunity to confront the officers and learn their anticipated testimony before trial. No such evidence is in the record, so defense counsel went outside the record when he made this argument. The prosecutor's response that defense counsel had the power to subpoena the officers and thus could have talked to them before trial to ascertain their anticipated testimony was within the scope of defense counsel's invitation. Accordingly, the trial court did not abuse its discretion in overruling appellant's objection to the prosecutor's comment.

*Smith*, 483 S.W.3d at 657–58 (case citations, footnotes omitted).

On state collateral review, petitioner argued that counsel was ineffective in going outside the record during his closing argument, because it allowed the prosecution to then go outside the record during its own closing argument. In rejecting petitioner's claim, the state habeas court made the following relevant findings of fact:

5. The applicant claims trial counsel was ineffective when trial counsel argued that he had been ambushed at trial and denied his right to confront witnesses prior to trial.

6. The applicant claims trial counsel's argument opened the door to prejudicial comments by the prosecutor.

7. In response to trial counsel's argument, the prosecutor argued that trial counsel had the power to subpoena the officers and could speak to them before they testified at trial.

8. Trial counsel objected and the trial court overruled the objection and indicated that trial counsel invited the argument.

9. The applicant fails to show that the result of the proceeding would have been different if trial counsel would not have argued he had been ambushed at trial and denied his right to confront witnesses prior to trial.

10. The applicant fails to offer any proof in support of his conclusory allegation that he was harmed as a result of trial counsel's argument.

*Ex parte Smith*, p. 53 (record citations omitted). The state court also made the following relevant conclusions of law:

1. The applicant's conclusory allegation that he was harmed as a result of trial counsel's argument is not sufficient proof to warrant habeas corpus relief.

\* \* \* \*

12. In all things, the applicant fails to show trial counsel's performance was deficient and that the deficient performance prejudiced the result.

*Ex parte Smith*, pp. 55, 56 (case citations omitted). The Texas Court of Criminal Appeals expressly relied on the trial court's findings of fact and conclusions of law in denying habeas relief. *Id.*, at cover.

Having reviewed the record, the Court finds no fault with the state court's determination that counsel was not ineffective in this regard. Petitioner's conclusory allegations and bald assertions that he was harmed by counsel's actions during closing argument are unsupported in the record and insufficient to support a *Strickland* claim. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (explaining that, while "*pro se* habeas petitions must be construed liberally, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by

anything else contained in the record, to be of probative evidentiary value."). Even assuming counsel were deficient, petitioner fails to establish that, but for counsel's comments during closing argument, there is a reasonable probability that the result of the trial would have been different.

The state court rejected petitioner's claims of ineffective assistance and found that trial counsel was not ineffective. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Police Videotapes*

Petitioner next argues that the police vehicles recorded videotapes the chase, and that counsel failed to investigate the videotapes. According to petitioner, the videotapes would have established his innocence and shown that the police officers lied as to what actually happened during the chase.

In rejecting petitioner's claim on collateral review, the state trial court made the following relevant findings of fact:

11. The applicant claims trial counsel was ineffective for failing to investigate because he failed to obtain and view the videotape of the police chase.

12. The applicant fails to show a videotape of the police chase exists.

13.     The record does not support the existence of a videotape of the police chase.

14.     Both Houston Police Department officers that were involved in the chase testified that their patrol cars did not have video capabilities.

15.     The applicant fails to show what trial counsel would have discovered had he reviewed the alleged video.

*Ex parte Smith*, pp. 53–54 (record citations omitted).  The state trial court also made the following relevant conclusions of law:

2.     Because the applicant fails to show that a videotape of the police chase exists, he fails to show what trial counsel would have discovered had he reviewed the alleged video.

3.     Because the applicant fails to show what trial counsel would have discovered with additional investigation, the applicant fails to show trial counsel was ineffective for failing to investigate.

\*     \*     \*     \*

12.     In all things, the applicant fails to show trial counsel's performance was deficient and that the deficient performance prejudiced the result.

*Id*., pp. 55, 56 (case citations omitted).  The Texas Court of Criminal Appeals expressly relied on the trial court's findings of fact and conclusions of law in denying habeas relief. *Id*., at cover.

Petitioner again attempts to support his claim of ineffective assistance of trial counsel with speculation and bald assertions.  Nothing in the record establishes that the police vehicles involved in the chase were equipped with video cameras.  To the contrary, the uncontroverted trial evidence established that the police vehicles did not have video

capabilities. Consequently, petitioner fails to demonstrate the existence of a police videotape that counsel failed to investigate. Because petitioner does not establish the existence of a videotape, he fails to show that counsel's investigation would have discovered favorable defense evidence. The Court cannot grant petitioner habeas relief based upon his unsupported conjecture that a videotape existed and that it would have proved him innocent. *See Koch*, 907 F.2d at 530; *Ross*, 694 F.2d at 1011.

The state court rejected petitioner's claims of ineffective assistance and found that trial counsel was not ineffective. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Conflict of Interest*

Petitioner contends that counsel had a conflict of interest in representing him because counsel had also represented his co-defendant, the passenger in his car. The co-defendant was charged with tampering with evidence after she threw a meth pipe out the passenger-side window during the police chase. Her case was subsequently dismissed as the pipe tested negative for any controlled substance. Petitioner argues that trial counsel "could not, in good conscience, call [co-defendant] to the stand to give account of her actions by virtue of his client-attorney-client conflicting relationship between the three parties." (Docket Entry No. 1, p. 16.)

In rejecting this claim on collateral review, the state trial court made the following relevant findings of fact:

16.     The applicant claims trial counsel was ineffective for representing the applicant and his co-defendant [] despite an actual conflict of interest.

17.     The applicant fails to show an actual conflict of interest existed.

*Ex parte Smith*, p. 54 (record citations omitted). The state trial court also made the following relevant conclusions of law:

4.      In order to show that trial counsel was ineffective due to a conflict of interest, the applicant must show that trial counsel had an actual conflict of interest that actually colored counsel's actions during trial.

5.      An actual conflict of interest exists if counsel is required to make a choice between advancing his client's interest in a fair trial or advancing other interests (perhaps counsel's own) to the detriment of his client's interests.

6.      Because the applicant fails to show that an actual conflict of interest existed, the applicant fails to show trial counsel was ineffective due to a conflict of interest.

7.      The applicant's conclusory allegation that there was a conflict of interest is not sufficient proof to warrant habeas relief.

*     *     *     *

12.     In all things, the applicant fails to show trial counsel's performance was deficient and that the deficient performance prejudiced the result.

*Id.*, pp. 55–56 (case citations, quotation marks omitted). The Texas Court of Criminal Appeals expressly relied on the trial court's findings of fact and conclusions of law in denying habeas relief. *Id.*, at cover.

14

To prevail on his claim, petitioner must show that trial counsel was acting under the influence of an actual conflict of interest, as opposed to only a potential or hypothetical conflict, that adversely affected counsel's performance at trial. *See Cuyler v. Sullivan*, 446 U.S. 335, 348–50 (1980). Relevant factors to be considered in determining whether a conflict exists include:

> (1) whether the attorney has confidential information that is helpful to one client but harmful to the other client; (2) whether and how closely related is the subject matter of the multiple representations; (3) how close in time the multiple representations are; and (4) whether the prior representation has been unambiguously terminated.

*United States v. Burns*, 526 F.3d 852, 856 (5th Cir. 2008).

An actual conflict exists when an attorney is in a situation inherently conducive to divided loyalties that would force the attorney to take action, due to a duty for one person, at the expense of a duty to another. *Mitchell v. Maggio*, 679 F.2d 77, 79 (5th Cir. 1982). Here, petitioner's conclusory allegations of a conflict are insufficient to support a finding of an actual conflict of interest. For example, petitioner fails to identify with facts how counsel's loyalties were divided, what actions counsel took to undermine his duty to petitioner, or state a meritorious allegation in which counsel acted ineffectively or compromised his duty to him. Petitioner presents no probative summary judgment raising a genuine issue of material fact evidence sufficient to preclude the granting of summary judgment.

15

Petitioner does not show an actual conflict of interest, much less demonstrate any adverse effect on counsel's representation of petitioner. The state court rejected petitioner's claims of ineffective assistance and found that trial counsel was not ineffective. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Failure to Object to Evidence*

Petitioner claims that counsel should have objected to testimony that his co-defendant tossed a "crack pipe" out the vehicle's window during the police chase.

In rejecting this claim on collateral review, the state trial court made the following relevant findings of fact:

18. The applicant claims trial counsel was ineffective for failing to object to evidence that his co-defendant [] threw a meth pipe out of the passenger window during the police chase.

19. Houston Police Department Officer Laureano testified that [co-defendant] threw a meth pipe out of the window during the chase.

20. Trial counsel did not object to this testimony.

21. The applicant fails to show the trial court would have committed error in overruling an objection to the testimony regarding [co-defendant's] actions.

22. [Co-defendant's] actions were admissible as same transaction evidence.

*Ex parte Smith*, p. 54 (record citations omitted).  The state trial court also made the following relevant conclusions of law:

8.  Same transaction evidence may be admissible where several crimes are intermixed and form an indivisible criminal transaction.

9.  Because the applicant fails to show the trial court would have committed error in overruling an objection to the testimony regarding [co-defendant's] actions during the chase, the applicant fails to show trial counsel was ineffective for failing to object.

\* \* \* \*

12.  In all things, the applicant fails to show trial counsel's performance was deficient and that the deficient performance prejudiced the result.

*Id*., p. 56 (case citations, quotation marks omitted).  The Texas Court of Criminal Appeals expressly relied on the trial court's findings of fact and conclusions of law in denying habeas relief.  *Id*., at cover.

As shown, the trial court on collateral review determined that the evidence was admissible as same transaction evidence under state law.  This Court is bound by that determination of state law.  *See Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998) (noting that "[i]n habeas actions this court does not sit to review the mere admissibility of evidence under state law").  The trial court further determined that petitioner failed to show the trial court would have committed error in overruling an objection to the evidence.  Consequently, petitioner establishes neither deficient performance nor actual prejudice under *Strickland*, and habeas relief is unwarranted.

The state court rejected petitioner's claims of ineffective assistance and found that trial counsel was not ineffective. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### *Brady Violation*

According to petitioner, the police vehicles involved in the chase were equipped with videotape cameras that captured the actual chase. He claims that the prosecution hid the videotapes from the defense, and that the videotapes would have impeached the police officers and established his own innocence. Petitioner asserts constitutional error under *Brady v. Maryland*, 373 U.S. 83 (1963).

In rejecting petitioner's claim on collateral review, the state habeas court made the following relevant findings of fact:

23. The applicant claims the prosecutor withheld a video recording of the police chase.

24. The applicant fails to show a video recording of the police chase exists.

25. The applicant fails to show that the prosecutor withheld a video recording of the police chase.

*Ex parte Smith*, p. 54 (record citations omitted). The state trial court also made the following relevant conclusions of law:

18

10.    Because the applicant fails to show that a video recording of the police chase exists or that the prosecutor withheld the alleged video, the applicant fails meet his burden of proof as he fails to plead and prove facts which would entitle him to relief and fails to prove his claim by a preponderance of the evidence.

*    *    *    *

12.    In all things, the applicant fails to show trial counsel's performance was deficient and that the deficient performance prejudiced the result.

*Id*., p. 56 (case citations, quotation marks omitted).   The Texas Court of Criminal Appeals expressly relied on the trial court's findings of fact and conclusions of law in denying habeas relief.  *Id*., at cover.

Under *Brady*, a prosecutor must disclose evidence to the defendant if the evidence is favorable to the defendant and material to his guilt or punishment.  "There are three components of a true *Brady* violation:  The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued."  *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999).  Evidence is material within the meaning of *Brady* only when there is a reasonable probability of a different result at trial had the evidence been disclosed.  *Wood v. Bartholomew*, 516 U.S. 1, 5 (1995).

In this instance, petitioner fails to meet the most basic element of his *Brady* claim – the existence of a police videotape.  The Court cannot address the issues of suppression or materiality if petitioner has not shown that the evidence actually exists.  Here, petitioner

presents only conjecture and speculation as to the existence and contents of the alleged police videotape.  Because he does not establish the existence of a videotape, much less its contents, he cannot meet his burden of showing wrongful suppression of favorable evidence.  The record before this Court does not support a *Brady* violation.

Petitioner attempts to argue that he could prove his *Brady* claim if given an evidentiary hearing.  However, he proffers no specifics as to how he would prove his claim, particularly in light of uncontroverted testimony in the trial record establishing that the police vehicles had no videotaping capabilities.  A habeas petitioner is not entitled to an evidentiary hearing if his claims are conclusory allegations unsupported by specifics.  *Young v. Herring*, 938 F.2d 543, 560 (5th Cir. 1991).  Petitioner's conjectural assertions in this instance do not entitle him to an evidentiary hearing regarding his *Brady* claim.

The state court rejected petitioner's claims for a *Brady* violation.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment dismissal of this claim.

### *Perjury*

Petitioner asserts that the State elicited perjured testimony from police officers at trial.  In support, he argues that the officers testified to factual details of the chase that were not included in their written offense reports.

In rejecting this claim on collateral review, the state trial court made the following relevant findings of fact:

> 26. The applicant claims the prosecutor elicited perjured testimony.
>
> 27. The applicant fails to show that any of the alleged "perjured" testimony was false.
>
> 28. The applicant merely complains that the officers testified to facts that they did not include in their respective offense reports.
>
> 29. The applicant fails to show that any portion of the officers' testimony was false.

*Ex parte Smith*, pp. 54–55. The state trial court also made the following relevant conclusions of law:

> 11. Because the applicant fails to show that any of the officers' testimony was false, the applicant fails to meet his burden of proof.
>
> 12. In all things, the applicant fails to show trial counsel's performance was deficient and that the deficient performance prejudiced the result.

*Id*., p. 56 (case citations omitted). The Texas Court of Criminal Appeals expressly relied on the trial court's findings of fact and conclusions of law in denying habeas relief. *Id*., at cover.

A criminal defendant is denied due process if the prosecution knowingly uses perjured testimony at trial or allows untrue testimony to go uncorrected. *Giglio v. United States*, 405 U.S. 150 (1972); *Faulder v. Johnson*, 81 F.3d 515, 519 (5th Cir. 1996). To obtain relief on such a claim, a petitioner must show that (1) the testimony was actually false, (2) the

prosecutor knew it was false, and (3) the testimony was material. *Kirkpatrick v. Whitley*, 992 F.2d 491, 497 (5th Cir. 1993).

Here, the essence of petitioner's perjury claim is that the officers testified to details of the chase that did not appear in their offense reports. However, petitioner never established that the officers' testimony was false. Consequently, and as found by the state court, petitioner did not show that the prosecution elicited perjured testimony. Nor does petitioner show perjury by pointing out inconsistencies in the officers' testimony. It is well established that conflicting or inconsistent testimony is insufficient to establish perjury. *Kutzner v. Johnson*, 242 F.3d 605, 609 (5th Cir. 2001); *Little v. Butler*, 848 F.2d 73, 76 (5th Cir. 1988) (holding that inconsistencies in trial testimony are to be resolved by a trier of fact and do not suffice to establish that testimony was perjured).

The state court rejected petitioner's claims of perjury. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### Evidentiary Hearing

A district court may hold an evidentiary hearing only when the petitioner has shown either that a claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii);

and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable juror would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B). Petitioner here has not met these requirements, and the Court has determined that no evidentiary hearing is necessary for disposition of the claims raised in this habeas proceeding.

## Conclusion

Respondent's motion for summary judgment (Docket Entry No. 12) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on February 15, 2018.

Gray H. Miller
United States District Judge